UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:12-cr-00178

ALAN L. GRIMMETT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Alan Grimmett's pro se Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1),[1] [ECF 35], filed December 31, 2024.

**I.**

On February 14, 2013, following his guilty plea to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), Mr. Grimmett was sentenced to forty-eight months imprisonment, followed by a fifteen-year-term of supervised release. [ECF 27]. Mr. Grimmett began serving his term of supervision on November 14, 2016.[2] Mr. Grimmett now moves for early termination of his supervised release, citing his completion of more than half of his term without incident, as well as his need for internet access for his job and to support his

---

[1] Inasmuch as Mr. Grimmett has failed to provide a legal basis for his Motion, the Court will construe it as being filed pursuant to 18 U.S.C. § 3583(e)(1).

[2] The Bureau of Prisons (BOP) reports that Mr. Grimmett was released from its custody on November 14, 2016. https://www.bop.gov/inmateloc/

mother. [ECF 35 at 1].

## II.

Pursuant to 18 U.S.C. § 3583(e), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Grimmett, the Court concludes that early termination of Mr. Grimmett's supervised release is not warranted. Mr. Grimmet has not provided sufficient justification for this request, especially considering his conviction. The fact that he has served over half of his term of supervised release is an unpersuasive ground for early termination. Additionally, internet access, which appears to be the primary reason for his request, is not explicitly prohibited. [ECF 34 at 4, ¶ 5]. The conditions of his supervised release currently allow computer access with probation's consent and under specified limitations. [*Id.*]. Therefore, the appropriate course of action is for him to contact his probation officer to request the access needed for work and daily tasks. [*Id.*]. A fifteen-year term of supervised release is neither arbitrary nor unreasonably high for a conviction of possession of child pornography. Hence, the Court **FINDS** that the interests of justice do not support early termination of his supervised release.

## III.

Accordingly, the Court **DENIES** Mr. Grimmett's Motion [**ECF 35**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: March 14, 2025

Frank W. Volk
Chief United States District Judge